UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                              No. 03-4464

JAMES MARION STOCKTON,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Virginia, at Danville.
Jackson L. Kiser, Senior District Judge.
(CR-02-94)

Submitted: December 19, 2003

Decided: January 28, 2004

Before WILKINSON, MICHAEL, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Mark T. Williams, WILLIAMS, MORRISON, LIGHT & MOREAU,
Danville, Virginia, for Appellant. John L. Brownlee, United States
Attorney, R. Andrew Bassford, Assistant United States Attorney,
Roanoke, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

James Marion Stockton appeals from the district court's judgment convicting him of two counts of possession of cocaine base with intent to distribute, one count of possession of a firearm in the furtherance of narcotics trafficking, and one count of possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922, 924 (2000), and 21 U.S.C. § 841 (2000). Finding no error, we affirm.

Stockton first claims that there is insufficient evidence to demonstrate that he constructively possessed narcotics. A jury's verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." *United States v. Glasser*, 315 U.S. 60, 80 (1942). Possession may either be actual or constructive. *United States v. Rusher*, 966 F.2d 868, 878 (4th Cir. 1992). Constructive possession is established if it is shown "that the [D]efendant exercised, or had the power to exercise, dominion and control over the item." *United States v. Rusher*, 966 F.2d 868, 878 (4th Cir. 1992). In both instances at issue here, Stockton was found in close proximity to the contraband in his own bedroom. He also was the lone male living in the home, and testimony indicated that recent purchases of cocaine base from the home were made from a male. Moreover, on one occasion, Stockton made inculpatory statements tying himself to a handgun found beside a metal tin containing the narcotics under his pillow. Given this evidence, we cannot say that the district court erred in denying Stockton's motion for judgment of acquittal.

Stockton also claims that the district court erred in applying an enhancement for his status as a career offender under *U.S. Sentencing Guidelines Manual* § 4B1.1 (2002). Specifically, he claims that the court erred in accepting one of the two convictions relied upon by the Government because the state court order failed to recite a formal finding of guilt. Because subsequent orders of the state court demonstrate that Stockton was sentenced for the crime in question, we conclude that he was convicted of the crime. *Cf. Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103, 113-14 (1983) (noting that a

court cannot place one on probation who has not first been found guilty of a crime).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*